IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TIERRA TELECOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv95 (TSE/JFA) |
| | ) | |
| LEVEL 3 COMMUNICATIONS, INC. *et al*., | ) | JURY DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## [PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

1.      Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26-37 of the Federal Rules of Civil Procedure, that contains any trade secret or business information generally unknown to the public, may be designated in good faith by any party, including third parties to the litigation responding to third-party discovery requests, (hereinafter the "designating party") as "CONFIDENTIAL" information, "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" information, or "HIGHLY

CONFIDENTIAL—SOURCE CODE" information, and shall be subject to the terms and restrictions of this Confidentiality Stipulation and Protective Order.

A. "CONFIDENTIAL" information includes, without limitation all information or material produced for or disclosed to a receiving party that a producing or designating party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. The following information is not "CONFIDENTIAL" information:

i. Any information which at the time of disclosure to a receiving party is in the public domain;

ii. Any information which, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Confidentiality Stipulation and Protective Order;

iii. Any information that the receiving party can show was already known to it from a public source prior to the disclosure;

iv. Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing or designating party; and

v. Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing or designating party's "CONFIDENTIAL" information.

2

B.  Information may also be designated "HIGHLY CONFIDENTIAL—
ATTORNEYS' EYES ONLY."  "HIGHLY CONFIDENTIAL—
ATTORNEYS' EYES ONLY" information includes, without limitation,
proprietary technical data or highly sensitive commercial information of a
party or non-party.

C.  Information may also be designated "HIGHLY CONFIDENTIAL—
OUTSIDE COUNSEL ONLY."  "HIGHLY CONFIDENTIAL— OUTSIDE
COUNSEL ONLY" information includes, without limitation, proprietary
technical data or highly sensitive commercial information of a Defendant that
is competitively sensitive among Defendants.  The designation "HIGHLY
CONFIDENTIAL—OUTSIDE COUNSEL ONLY" shall only be made on
material produced by one of the Defendants or materials produced by a third-
party that contain proprietary technical data or highly sensitive commercial
information of one of the Defendants.

D.  Information may also be designated "HIGHLY CONFIDENTIAL—SOURCE
CODE."  "HIGHLY CONFIDENTIAL—SOURCE CODE" information
includes, without limitation, confidential, proprietary, and/or trade secret
source code and associated design documents.  As used herein, the term
"Source Code" means computer instructions and data definitions expressed in
a form suitable for input to an assembler, compiler, interpreter, other
translator, or other data processing module.

2.      Information designated as "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE
COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" obtained pursuant to
discovery in this action shall be subject to this Confidentiality Stipulation and Protective Order,
and may be used only for purposes of preparation, trial, and appeal of this action.  Such
information shall be held in confidence by each person to whom it is disclosed, and may not be
disclosed to any person or entity, except as permitted in this Confidentiality Stipulation and
Protective Order.  All protected information produced shall be carefully maintained by the

receiving party in secure facilities and access thereto shall be permitted only to persons having access according to the terms of this Confidentiality Stipulation and Protective Order.

3. Confidentiality designations shall be made at or before the time when custody of the materials thereof is given to the receiving party, or as soon as a designating party becomes aware that documents, tangible things, or testimony ("discovery") include items that should have been so designated.  The following procedures shall govern designations:

 A. Original documents and things, or copies thereof, provided by one party to the other may be designated in their entirety as either:

  i. "Confidential" by marking all pages "CONFIDENTIAL"; or

  ii. "Highly Confidential—Attorneys' Eyes Only" by marking all pages "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"; or

  iii. "Highly Confidential—Outside Counsel Only" by marking all pages "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" (use restricted by paragraph 1.C.); or

  iv. "Highly Confidential – Source Code" by marking all pages "HIGHLY CONFIDENTIAL – SOURCE CODE."

 B. If documents are produced for inspection, all such documents in their entirety, and any information contained therein, will be treated as designated as "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" during the inspection and shall be subject to this Confidentiality Stipulation and Protective Order until such time as copies of such documents are produced to the receiving party and are not so designated; and

 C. When electronic documents (*e.g.*, e-mail, software) are produced, the designating party shall designate the electronic document(s) by marking the media (*e.g.*, DVD, CD-ROM, or flash memory "stick") on which the electronic document is produced.  Anything printed from a designated

electronic document shall be marked as Confidential Information pursuant to paragraph 3.A of this Confidentiality Stipulation and Protective Order.

4.      Absent written consent from the designating party or unless otherwise directed by the Court, information and materials designated as:  "CONFIDENTIAL" shall be made available only to, and inspected by, the following persons, provided that such individuals are informed of the terms of this Confidentiality Stipulation and Protective Order:  (1) no more than five designated officers, directors, in-house counsel, or employees of the receiving party of the receiving party with responsibility for maintaining, defending or evaluating this litigation, provided that such individuals first execute the ACKNOWLEDGEMENT OF CONFIDENTIALITY attached hereto; (2) outside counsel for the parties, and supporting personnel employed by such counsel, such as paralegal, legal secretary, data entry clerk, legal clerk; and/or private photocopying services; and (3) those persons described in paragraphs 9 and 10.

5.      Absent written consent from the designating party or unless otherwise directed by the Court, information and materials designated as:  "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" shall be made available only to, and inspected by, the following persons, provided that such individuals are informed of the terms of this Confidentiality Stipulation and Protective Order:  (1) outside counsel for the parties, and supporting personnel employed by such counsel, such as paralegal, legal secretary, data entry clerk, legal clerk, and private photocopying services; (2) no more than three in-house counsel designated with respect to paragraph 4(1), above; and (3) those persons described in paragraphs 9 and 10.

6.      Each person appropriately designated in accordance with paragraph 4(1) and 5(2) to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, shall execute the ACKNOWLEDGEMENT OF CONFIDENTIALITY attached hereto.  Counsel of record for any party receiving "CONFIDENTIAL" information shall provide a copy of the ACKNOWLEDGEMENT OF CONFIDENTIALITY to the counsel of record for all parties at least three (3) business days before it first discloses such information to any such person.  Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit the designating party to object to the disclosure.

7.       Absent written consent from the designating party or unless otherwise directed by the Court, information and materials designated as: "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" shall be made available only to, and inspected by, the following persons, provided that such individuals are informed of the terms of this Confidentiality Stipulation and Protective Order: (1) outside counsel for the parties, and supporting personnel employed by such counsel, such as paralegal, legal secretary, data entry clerk, legal clerk, and private photocopying services; and (2) those persons described in paragraphs 9 and 10.

8.       Absent written consent from the designating party or unless otherwise directed by the Court, information and materials designated as: "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be made available only to, and inspected by, the following persons, provided that such individuals are informed of the terms of this Confidentiality Stipulation and Protective Order: (1) outside counsel for the parties, and supporting personnel employed by such counsel, such as paralegal, legal secretary, data entry clerk, legal clerk, and private photocopying services, (2) if the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" information is produced by the Plaintiff, three in-house counsel described in paragraph 5(2), above, and (3) those persons described in paragraphs 9 and 10.  No in-house representatives or in-house counsel are permitted to view or have access to any information produced or designated as "HIGHLY CONFIDENTIAL—SOURCE CODE" by a Defendant.  For "HIGHLY CONFIDENTIAL – SOURCE CODE" information, the following additional restrictions apply:

A.   Access to a designating party's "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall be provided only on "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet).  The stand-alone computers may be connected to one (1) printer.  Additionally, the stand-alone computers will be located at the offices of the designating party's outside counsel located within the District of Columbia or at a location to be determined by the designating party if the designating party is a non-party to this litigation;

B.   The designating party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computers in

order to access the produced "HIGHLY CONFIDENTIAL – SOURCE CODE" information on the stand alone computers;

C.  The designating party will produce "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a computer searchable format on the stand-alone computers.  The designating party shall install on the stand-alone computers any software necessary to search, review, and browse the "HIGHLY CONFIDENTIAL – SOURCE CODE" information including any software, such as an integrated development environment, used to search, review, and browse the "HIGHLY CONFIDENTIAL – SOURCE CODE" information by the designating party in the ordinary course of business;

D.  A receiving party shall not make any electronic copies of source code, in whole or in part.  This section does not preclude the creation of temporary copies that are made in the normal operation of the computer on which the source code resides or the creation of temporary output files created on the computer on which the source code resides through the use of software tools used to view, search, or analyze source code.

E.  No paper print-outs shall be made of source code except for: (i) portions necessary for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL – SOURCE CODE" information; and (ii) such other uses to which the Parties may agree or that the Court may order.  When inspecting the source code, the receiving party shall be allowed to print paper copies of the source code.  Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time. After printing, the designating party shall clearly label each page of any copies printed by the receiving party as "HIGHLY CONFIDENTIAL – SOURCE CODE" and give each page a unique identification number. The designating party shall provide a copy of the labeled and numbered copies on to outside counsel of the receiving party within two (2) business days, and shall be entitled to keep a paper copy of the printed source code produced to the receiving party. Upon receipt, the

receiving party may make one (1) additional copy of the printed source code pages after delivery for internal use. All printed copies of source code shall be securely maintained in a locked room or cabinet at the office of outside counsel of the receiving party when not in use and shall be destroyed as soon as they are no longer needed.  Printed copies of source code may be reviewed at the office of outside counsel of the receiving party by (1) outside counsel for the parties, and supporting personnel employed by such counsel, such as paralegal, legal secretary, data entry clerk, legal clerk, and private photocopying services, and (2) those persons described in paragraphs 9 and 10, but may not be removed from the office of outside counsel except that copies may be made for and used in Court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL – SOURCE CODE" information if necessary.

F.   To the extent portions of the "HIGHLY CONFIDENTIAL – SOURCE CODE" information are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

G.   At the conclusion of this action (including any appeals) and unless the Court otherwise orders, printed copies of source code shall be returned to the designating party or, at its choosing, the receiving party shall certify that all printed copies of source code have been destroyed.

 The defendants shall promptly identify any third parties whom they believe possess source code that is responsive to a discovery request so that Tierra may provide a copy of this Protective Order to the third parties and negotiate the production of their source code in a timely manner. However, the provisions of this paragraph do not purport to bind third parties to the litigation producing "HIGHLY CONFIDENTIAL – SOURCE CODE" information in response to a third-party discovery request.  While such a third party may agree to produce such information in accordance with these provisions, this Confidentiality Stipulation and Protective Order shall not

abridge any third party's right to separately negotiate the terms under which it will agree to produce "HIGHLY CONFIDENTIAL – SOURCE CODE" information.

9.      Any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" may be disclosed to the Court and to persons requested by counsel to furnish services of document coding, image scanning, mock trial, jury profiling, or the creation of any computer database from documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" provided that such individuals are advised of the terms of this Confidentiality Stipulation and Protective Order and agree to be bound by those terms.

10.      Any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" may be disclosed to persons retained by the parties as experts or consultants and to supporting personnel employed by such experts or consultants, provided that:

A. Each such expert or consultant and their supporting personnel shall be informed of the terms of this Confidentiality Stipulation and Protective Order, and each such expert or consultant, but not each supporting personnel, in advance of the receipt of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information, signs an Acknowledgement of Confidentiality, attached hereto as ACKNOWLEDGEMENT OF CONFIDENTIALITY, wherein such expert or consultant agrees not to use such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information for any purpose other than for the purposes designated in paragraph 2 and not to disclose any such "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—
OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE
CODE" information to any person other than those specifically authorized to
inspect such information by this Confidentiality Stipulation and Protective
Order;

B.  At least three (3) business days prior to the proposed disclosure, the party
seeking to have an expert or consultant qualified for access shall provide all
parties with a curriculum vitae for that expert or consultant, the employment
history of the expert or consultant for the past four (4) years, a listing of cases
in which the expert or consultant has been involved as a non-testifying expert,
or testified as an expert at trial or by deposition, within the past four (4) years,
including an identification of the party for whom the expert or consultant
testified or consulted, and a copy of an ACKNOWLEDGEMENT OF
CONFIDENTIALITY that has been completed and signed by that expert or
consultant.  To the extent the disclosed information changes during the course
of the litigation, the parties agree to supplement immediately such
information;

C.  A party objecting to disclosure of "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—
OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE
CODE" information to an expert or consultant shall state with particularity the
ground(s) of the objection and the specific categories of documents that are
the subject of the objection.  If after consideration of the objection, the party
desiring to disclose the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—
ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL
ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information to
an expert or consultant refuses to withdraw the expert or consultant, that party
shall provide notice to the objecting party.  Thereafter, the objecting party
shall move the Court, within three (3) business days of receiving such notice,
for a ruling on its objection.  A failure to file a motion within the three (3)

business day period shall operate as an approval of disclosure of the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information to the expert or consultant. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Confidential Information to the expert or consultant. This "good cause" shall include a particularized showing that: (1) the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information is confidential commercial information, (2) disclosure of the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information would result in a clearly defined and serious injury to the objecting party's business, and (3) the proposed expert or consultant is in a position to allow the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information to be disclosed to the objecting party's competitors.

Consistent with the provisions of this paragraph, a party need not disclose a consultant unless the party seeks to have the consultant qualified for access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information, the consultant produces an expert report or testifies, or the consultant is relied upon by another expert producing an expert report or testifying.

11.     Notwithstanding the paragraphs above, any person may be shown or examined on any document designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" at a deposition or at trial if (i) it appears from

the face of the document that the witness authored or previously received a copy of it, (ii) specific documentary or testimonial evidence establishes that the witness previously reviewed the document or is otherwise familiar with the document's contents, (iii) the designating party so agrees, or (iv) the witness is a Federal Rule of Civil Procedure 30(b)(6) witness for the designating party.  If at any time, it appears that the witness is not familiar with the document, the examining attorney will remove the document from the view of the witness. At the conclusion of the examination, no witness may retain copies of confidential information received at deposition or trial.

12.    Notwithstanding the restrictions on disclosure herein, Daniel Najor, the designated officer of the Plaintiff with responsibility for maintaining and evaluating this litigation, may review correspondence, pleadings, motions, briefs, notices filed with the Court, discovery responses, expert reports, deposition transcripts, and the like, regardless of the confidential information contained therein for the purposes of maintaining and evaluating this litigation.  Mr. Najor may not review any confidential documents or exhibits attached to papers that he is permitted to review pursuant to the terms of this paragraph.  Mr. Najor's review of papers pursuant to the terms of this paragraph must take place at the offices of outside counsel or at another location agreed to by the parties.  Mr. Najor may not make or receive any copies of these papers, nor take notes regarding them.  Further, notwithstanding the provisions of this paragraph, Mr. Najor must sign onto and be bound by all the provisions and restrictions contained in this Confidentiality Stipulation and Protective Order.  Further, the provisions of this paragraph do not purport to bind third parties to the litigation producing confidential information in response to a third-party discovery request.  While such a third party may agree to produce such information in accordance with these provisions, this Confidentiality Stipulation and Protective Order shall not abridge any third party's right to separately negotiate the terms under which it will agree to produce confidential information.

13.    The existence of this Confidentiality Stipulation and Protective Order shall be disclosed to any person producing discovery in this action who may reasonably be expected to desire confidential treatment for such discovery.  Any such person or any party may designate appropriate discovery produced by such persons pursuant to this Confidentiality Stipulation and Protective Order.

14.     Any party or third party who fails to designate information as confidential, or otherwise wishes to change the designation of confidentiality under this Confidentiality Stipulation and Protective Order, may later do so by providing written notice to the receiving party of the change and replacement pages bearing the appropriate confidentiality legend.  The information shall be treated by the receiving party as being so designated from the time the receiving party is notified in writing of the change in the designation, and the receiving party shall make a good faith effort to insure that persons designated as witnesses or employees who previously received the information treat it as being so designated.  The receiving party shall have the burden of seeking relief from the Court should it wish to challenge any such change in the designation of information.

15.     The disclosure of confidential information by the designating party, regardless of whether the information was designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" at the time of disclosure, shall not be treated as a waiver in whole or in part of a designating party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject.

16.     Nothing in this Confidentiality Stipulation and Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, right, or immunity. Pursuant to Rule 502 of the Federal Rules of Evidence, the disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product) if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure.  The producing party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword term searching, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection.  If a producing party inadvertently or unintentionally discloses to a receiving party information that is protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege, said producing party shall promptly upon

discovery of such disclosure so advise the receiving party in writing and request that the item or items of information that were inadvertently or unintentionally disclosed be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently or unintentionally produced item or items of information and all copies, or destroy all copies, thereof within five (5) business days of receiving a written request from the producing party for the return of such item or items of information.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of the item or items in accordance with the Federal Rules of Civil Procedure.  If discovery or other information is produced having a Privileged, Attorney Work Product, or similar designation, the receiving party shall promptly advise the producing party in writing of such disclosure.  This Paragraph provides greater protection than that provided pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26.

17.     This Confidentiality Stipulation and Protective Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney/client privilege or attorney work product immunity, or any other protection provided under the law.

18.     If information sought by a receiving party is subject to a confidentiality obligation of the designating party to a third party, the designating party shall promptly request permission from such third party to produce the requested information.  If the third party does not consent to production of the requested information, then the designating party shall immediately give notice to the receiving party of the third party's lack of consent.

19.     At the request of any designating party, deposition testimony and all copies of any transcript of the deposition of any person shall initially be considered, as a whole, to constitute "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—

SOURCE CODE" information subject to this Confidentiality Stipulation and Protective Order. The designating party shall have three (3) business days after receipt of the transcript to designate, in writing to the other parties and to the court reporter, those portions of the testimony in the transcript that the designating party claims constitute or contain Confidential Information and designate it as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE," as appropriate. Each party and the court reporter shall attach a copy of such written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Confidentiality Stipulation and Protective Order.

20.     The parties shall identify with particularity the precise portions of any correspondence, discovery response, or expert report that they deem to be "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE," by highlighting, bracketing, or otherwise designating the confidential information within the paper, within three (3) business days of serving or receiving the paper. Any party may then prepare a public version of the paper by redacting the confidential material.

21.     Any party may challenge the propriety of a confidential designation. Such a challenge shall be written, shall be served on counsel for the designating party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. Failure to challenge the propriety of a confidential designation at or near its designation shall not preclude a subsequent challenge of the propriety of such designation. If the challenge to the confidentiality designation is not able to be resolved by agreement within five (5) business days after receipt of a challenge notice by the receiving party, the receiving party may at any time thereafter seek a Court Order to alter the Confidential status of the materials or information. Until such a Court Order is obtained, all Confidential Information shall be treated as properly designated.

22.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL— SOURCE CODE," or which contain information so designated, shall be handled in accordance with Paragraph 8 of the Court's April 1, 2010 Rule 16(b) Scheduling Order (D.I. 39).  Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

23.     Nothing in this Confidentiality Stipulation and Protective Order shall prevent a party from using any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" at trial or a hearing. However, at the request of the party who has designated the information in question, attendance at the portion of the proceeding where such use is made may be restricted by the Court to Court personnel and persons authorized by this Confidentiality Stipulation and Protective Order to receive disclosure and the transcript of that portion of the proceeding may be ordered to be maintained under seal with access thereto limited to Court personnel and persons entitled to access under this Confidentiality Stipulation and Protective Order.

24.     The "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information pursuant to this Confidentiality Stipulation and Protective Order shall not be construed as an admission by a designating party that such information is, in fact, a trade secret or confidential information and shall not be admissible as evidence of that fact.  Neither the receipt of such designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information by the

receiving party nor the receiving party's failure to oppose any such designation shall be construed as an admission that such information is, in fact, a trade secret or confidential information, or as an agreement or acknowledgment with respect to the competency, relevance or materiality of any information, document, or the like.

25.     Nothing herein shall prevent disclosure beyond the terms of this Confidentiality Stipulation and Protective Order if counsel for the party designating the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information consents in writing or on record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.  Any particular consent given under this Confidentiality Stipulation and Protective Order with respect to confidentiality of the particular document shall not be deemed a general waiver of any other designation.

26.     Within thirty (30) calendar days of the conclusion of this action (including all appeals and further proceedings resulting there from), the originals and all copies of information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" shall be returned to the producing party or destroyed. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE"  information for archival purposes only.  If a party chooses to destroy "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY

17

CONFIDENTIAL—SOURCE CODE" information to comply with this paragraph, the destroying party shall certify in writing that such party has timely complied with this paragraph.

27.     A designating party may, at any time, withdraw the designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information.

28.     This Confidentiality Stipulation and Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the terms provided above.

29.     This Confidentiality Stipulation and Protective Order may be modified only by consent of the parties and approval of this Court.

30.     The terms "producing person or entity," "producing party," or "designating party" includes all affiliated companies and successors or assigns of the party or parties to this lawsuit, but nothing contained in this paragraph or in this Confidentiality Stipulation and Protective Order is intended to suggest that Requests relating to the Production of Documents and Things and Entry upon Land for Inspection and Other Purposes would require production or inspection beyond that which is authorized by Federal Rule of Civil Procedure 34.

31.     Any party may seek additional protection or disclosure with respect to Confidential Information as that party may consider appropriate.

32.     The United States District Court for the Eastern District of Virginia is responsible for the interpretation and enforcement of this Confidentiality Stipulation and Protective Order.  After termination of this litigation, the provisions of this Confidentiality Stipulation and Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information for enforcement of the provision of this Confidentiality Stipulation and Protective Order following

termination of this litigation.  All disputes concerning "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information produced under the protection of this Confidentiality Stipulation and Protective Order shall be resolved by the United States District Court for the Eastern District of Virginia.

33.     If at any time documents containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing or designating party does not take steps to prevent disclosure of such documents within five (5) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

34.     Nothing in this Confidentiality Stipulation and Protective Order shall prohibit the transmission or communication of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" information between or among qualified recipients:

> A.  By hand delivery;
>
> B.  In sealed envelopes or containers via mail or an established freight, delivery or messenger service; or
>
> C.  By telephone, facsimile, e-mail or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

Date: _____                    _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TIERRA TELECOM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:10cv95 (TSE/JFA) |
| | ) |
| LEVEL 3 COMMUNICATIONS, INC. *et al.*, | ) JURY DEMANDED |
| | ) |
| | ) |
| Defendants. | ) |

**ATTACHMENT A TO THE CONFIDENTIALITY
STIPULATION AND PROTECTIVE ORDER**

**ACKNOWLEDGEMENT OF CONFIDENTIALITY**

I, _____, state:

     1.     I reside at _____

_____.

     2.     My present employer is _____.

     3.     My present occupation or job description is _____.

     4.     I have read the Confidentiality Stipulation and Protective Order dated _____

_____, 2010, and have been engaged as _____

_____ on behalf of _____ in the

preparation and conduct of litigation styled Tierra Telecom, Inc. v. Level 3 Communications,

Inc., et al.

     5.     I am fully familiar with and agree to comply with and be bound by the provisions

of said Order.  I understand that I am to retain all copies of any documents designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"
"CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL –
SOURCE CODE" information in a secure manner, and that all copies are to remain in my
personal custody until I have completed my assigned duties, whereupon the copies and any
writings prepared by me containing any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or
"HIGHLY CONFIDENTIAL – SOURCE CODE" information are to be returned to counsel who
provided me with such material.

6.      I will not divulge to persons other than those specifically authorized by said
Order, and will not copy or use except solely for the purpose of this action, any information
obtained pursuant to said Order, except as provided in said Order. I also agree to notify any
stenographic or clerical personnel who are required to assist me of the terms of said Order.

7.      In accordance with paragraph ten (10) of the Confidentiality Stipulation and
Protective Order (if applicable), I have attached my resume, curriculum vitae or other
information to this executed Confidentiality Agreement sufficient to identify my current
employer and employment history for the past four (4) years, the cases in which I have acted as a
non-testifying expert, and the cases in which I have testified as an expert at trial or by deposition
within the preceding four (4) years, including an identification of the party for whom I consulted
or testified.  I agree that if such information changes, I will immediately notify counsel of record
for the party for whom I am consulting and/or testifying.

8.      I state under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.

Executed on _____, 2010.


_____

2