IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| TIERRA TELECOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv95 (TSE/JFA) |
| | ) | |
| LEVEL 3 COMMUNICATIONS, INC. *et al.*, | ) | JURY DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF TIERRA TELECOM, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff Tierra Telecom, Inc. ("Tierra") respectfully submits this Memorandum in

Support of its Motion for Entry of a Protective Order.

The parties have met and conferred, and have agreed on every provision of the proposed

protective order with the exception of three provisions proposed by Tierra: (1) a requirement for

the parties to identify which portion of a piece of correspondence, discovery response, or expert

report contains confidential material, (2) a requirement for Defendants to identify third parties

with responsive source code, and (3) a requirement that one representative from Tierra be

permitted to read, in the offices of outside counsel, correspondence, pleadings, motions, briefs,

expert reports, and deposition transcripts containing confidential materials.  Tierra believes that

each of these proposals will facilitate efficient production of materials and limit motions practice

before the Court.

**ARGUMENT**

Under Rule 26(c) of the Federal Rules of Civil Procedure, a party may move for a protective order to specify the manner in which discovery shall take place.[1]  Specifically, Rule 26(c) states that a Court, for good cause, may issue a protective order that "specif[ies] terms, including time and place, for the disclosure or discovery" and that "forbid[s] inquiry into certain matters, or limit[s] the scope of disclosure or discovery to certain matters.[2]

In this case, the parties have agreed to limit the disclosure of certain information to specific persons by identifying documents as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Outside Counsel Only, or Highly Confidential – Source Code. The parties have further agreed on the manner in which each will produce its Highly Confidential – Source Code material.  The parties could not agree, however, on the inclusion of Paragraphs 8, 12, and 20 of the protective order, discussed below.

1.   **THE PARTIES SHOULD IDENTIFY WITH PARTICULARITY THE PORTIONS OF CORRESPONDENCE, DISCOVERY RESPONSES, AND EXPERT REPORTS THAT ARE CONFIDENTIAL**

The parties have agreed to extensive procedures regarding the designation of documents at various levels of confidentiality.  As the Court made clear in its April 1, 2010 Rule 16(B) Scheduling Order, however, "[f]ilings under seal are disfavored and discouraged."[3]  As such, the parties must work together diligently to prevent the need for filing motions under seal and to prevent unnecessary motions practice regarding such issues.  With this goal in mind, Tierra proposed the inclusion of the following provision in the protective order, which requires the

---

[1] Fed. R. Civ. P. 26(c)(1).

[2] Fed. R. Civ. P. 26(c)(1)(B) and (D).

[3] Docket No. 39 ¶ 8.

parties to designate with specificity the exact portions of a piece of correspondence, discovery response, or expert report that are confidential:

> The parties shall identify with particularity the precise portions of any correspondence, discovery response, or expert report that they deem to be "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE," by highlighting, bracketing, or otherwise designating the confidential information within the paper, within three (3) business days of serving or receiving the paper.  Any party may then prepare a public version of the paper by redacting the confidential material.

The Defendants refused to adopt this provision, despite having agreed to an identical provision with respect to deposition transcripts.[4]

The Defendants' opposition to this proposal is surprising given that two of the three Defendants asked Tierra to clarify which portions of their recently served interrogatory answers were confidential.[5]  Tierra provided such clarification within 24 hours by producing a redacted copy of its answers.[6]  This redacted version is now available for any party to use publicly in support of any motion.

## 2.      THIRD PARTIES WITH RESPONSIVE SOURCE CODE SHOULD BE DISCLOSED AS EARLY AS POSSIBLE

The parties have also agreed to extensive procedures regarding the production and review of source code.  However, during a meet and confer on the afternoon of April 8, 2010 regarding this protective order, Defendants indicated for the first time that third parties possess the "bulk" of source code at issue in this case.  And Defendants included a provision in the protective order

---

[4] Proposed Protective Order ¶ 19.

[5] Ex. A, April 6, 2010 email from R. Spendlove (counsel for Qwest) to C. Stewart; and Ex. B, April 6, 2010 email from C. Benson (counsel for Level 3) to C. Stewart.

[6] Ex. C, Redacted Copy of Plaintiff Tierra Telecom's Answers to Defendant Qwest Communications Company, LLC's First Set of Interrogatories.

stating that all of the procedures regarding the production and review of source code, which had been agreed to by the parties, would *not* be binding on the third parties who possessed the responsive code.  Tierra agreed to such a provision, but requested that the Defendants at least identify the third parties in possession of responsive source code so that Tierra could provide a copy of the protective order to such third parties and negotiate any necessary changes to the protective order in a timely manner.  Defendants refused to identify the third parties or to provide them with a copy of the protective order.

As this Court is well aware, the manner of production of source code is often the most hotly contested issue with respect to the preparation of a protective order.  Without a prompt identification of the third parties with responsive source code, Tierra cannot issue timely subpoenas or accelerate negotiations over the manner in which source code will be produced.

3.   **TIERRA'S DESIGNATED REPRESENTATIVE SHOULD NOT BE PREVENTED FROM VIEWING CORRESPONDENCE, PLEADINGS, DEPOSITION TRANSCRIPTS, AND EXPERT REPORTS**

Finally, the parties have agreed that only in-house counsel and outside counsel can review certain confidential materials produced by the parties.  These designations are designed primarily to protect the Defendants' proprietary information from being disclosed to non-attorneys who work for the Defendants.  These concerns, however, do not apply to Tierra because it is not a competitor of the Defendants and Tierra does not have in-house counsel to review highly confidential materials.

For this reason, Tierra requested that the Defendants permit Daniel Najor, Tierra's officer with responsibility for managing this litigation, to view correspondence, pleadings, depositions

transcripts, and expert reports containing confidential materials in the office of outside counsel,

but not to take notes regarding such documents or make copies of such documents:

> Notwithstanding the restrictions on disclosure herein, Daniel Najor, the designated officer of the Plaintiff with responsibility for maintaining and evaluating this litigation, may review correspondence, pleadings, motions, briefs, notices filed with the Court, discovery responses, expert reports, deposition transcripts, and the like, regardless of the confidential information contained therein for the purposes of maintaining and evaluating this litigation.  Mr. Najor may not review any confidential documents or exhibits attached to papers that he is permitted to review pursuant to the terms of this paragraph.  Mr. Najor's review of papers pursuant to the terms of this paragraph must take place at the offices of outside counsel or at another location agreed to by the parties.  Mr. Najor may not make or receive any copies of these papers, nor take notes regarding them. Further, notwithstanding the provisions of this paragraph, Mr. Najor must sign onto and be bound by all the provisions and restrictions contained in this Confidentiality Stipulation and Protective Order. . . . .

The Defendants refused to grant Mr. Najor this access.

Tierra's proposal provides significant safeguards against Mr. Najor's improper use of the

information.  For example, under Tierra's proposal, Mr. Najor's review of papers must take place

at the offices of outside counsel or at another location agreed to by the parties, Mr. Najor may

not review any confidential documents or exhibits attached to papers that he is permitted to

review, and Mr. Najor may not make or receive any copies of these papers, nor take notes

regarding them.  Further, because Mr. Najor cannot read source code and because Tierra is not a

competitor of any of the Defendants, there is no risk that his exposure to source code materials

will lead to any competitive harm to Defendants.

If Mr. Najor is not permitted to read substantive case documents, such as deposition

transcripts, expert reports, and summary judgment motions , *never mind Tierra's own draft*

*motions*, without obtaining permission from each of the Defendants, he will not be able to

participate in any meaningful way in the management of this case.  Moreover, Mr. Najor will not

be able to participate in settlement negotiations, during which the strengths and weaknesses of

the parties' technical and damages positions will be discussed.  Given the great benefit to the

Plaintiff, and the lack of  any harm to the Defendants, Tierra respectfully requests that this

provision be included in the protective order.

## CONCLUSION

For the reasons discussed herein, Tierra respectfully requests that the Counter enter

Tierra's proposed protective order which includes (1) a requirement for the parties to identify

which portion of a piece of correspondence, discovery response, or expert report contains

confidential material, (2) a requirement for Defendants to identify third parties with responsive

source code, and (3) a requirement that one representative from Tierra be permitted to read, in

the offices of outside counsel, correspondence, pleadings, motions, briefs, expert reports, and

deposition transcripts containing confidential material.


Respectfully submitted,


Dated: April 9, 2010                          /s/ Coke Morgan Stewart_____
                                              Alan M. Fisch *(pro hac vice)*
                                              Jason F. Hoffman *(pro hac vice)*
                                              Coke Morgan Stewart *(Va. Bar No. 41933)*
                                              R. William Sigler *(Va. Bar No. 65940)*
                                              KAYE SCHOLER LLP
                                              The McPherson Building
                                              901 Fifteenth Street, NW
                                              Washington, DC 20005-2327
                                              Phone: 202-682-3500
                                              Fax: 202-682-3580
                                              Email: alan.fisch@kayescholer.com
                                              Email: jason.hoffman@kayescholer.com
                                              Email: coke.stewart@kayescholer.com
                                              Email: bill.sigler@kayescholer.com

                                              *Attorneys for Tierra Telecom, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2010, I will electronically file the foregoing with the

Clerk of the Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:


Kimberly S. Walker
David Marion Foster
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Avenue NW
Washington, DC 20004-2623
kwalker@fulbright.com
dfoster@fulbright.com

*Attorneys for Level 3 Communications, LLC*

Jonathan G. Graves
Robert D. Spendlove
Phillip E. Morton
COOLEY GODWARD KRONISH LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
jgraves@cooley.com
rspendlove@cooley.com
pmorton@cooley.com

*Attorneys for Qwest Communications
Company, LLC*

Richard D. Rochford
NIXON PEABODY LLP
1100 Clinton Square
Rochester, New York 14604
rrochford@nixonpeabody.com

Louis E. Dolan, Jr.
NIXON PEABODY LLP
401 Ninth Street NW
Suite 900
Washington, DC 20004-2128
ldolan@nixonpeabody.com

Dabney J. Carr, IV
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
dabney.carr@troutmansanders.com

*Attorneys for Global Crossing
Telecommunications, Inc.*


/s/ Coke Morgan Stewart_____
Coke Morgan Stewart
Va. Bar No. 41933
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Phone: 202-682-3500
Fax: 202-682-3580
Email: coke.stewart@kayescholer.com

*Attorney for Tierra Telecom, Inc.*