**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| TIERRA TELECOM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:10-CV-0095 (TSE/JFA) |
| ) | |
| LEVEL 3 COMMUNICATIONS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**GLOBAL CROSSING TELECOMMUNICATIONS, INC.'S MEMORANDUM
IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Defendant Global Crossing Telecommunications, Inc. ("Global Crossing"), by counsel, states as follows for its memorandum in support of its motion to quash the notices of deposition served by Tierra Telecom for the depositions of Robert Nance, Christopher Smith, Debra Swann and Adam Uzelac and to issue a protective order prohibiting such depositions from going forward on the dates noticed:

**BACKGROUND**

On Tuesday, April 13, plaintiff Tierra Telecom, Inc. ("Tierra") served on defendants notices of deposition pursuant to Fed.R.Civ. P. 30(b)(1) for nineteen non-party witnesses between April 26 and May 4. *See* email from Caroline Brownlee dated April 13, 2010 and attached Notices of Deposition (attached hereto as Ex. 1). Specifically, Tierra noticed depositions of seven Qwest witnesses to take place April 26 and 27, four Global Crossing witnesses on April 29 and eight Level 3 witnesses on May 3 and 4. The depositions of the four Global Crossing witnesses, Robert Nance, Christopher Smith, Debra Swann and Adam Uzelac, are noticed to take place on a double-tracked schedule over the course of a single day. *Id.* Tierra

did not communicate with defendants regarding the depositions prior to serving the notices. Rather, Tierra simply noticed the deposition of every witness listed in the three defendants' Rule 26 Initial Disclosures.

In response, defendants proposed that, instead of conducting depositions of individual witnesses, Tierra should first take Rule 30(b)(6) depositions of technical witnesses from the defendants in the same time period. That course of action will avoid duplicative depositions, as at least some of the Global Crossing witnesses will likely be designated as Rule 30(b)(6) witnesses. Those witnesses can be deposed in their individual capacity at the same time as the Rule 30(b)(6) deposition, thereby avoiding the burden to those witnesses from having to testify twice. If Tierra still had a legitimate need to depose any of the remaining witnesses in their individual capacity, Global Crossing will work with Tierra in good faith to provide the necessary witnesses. Tierra refused this offer, insisting that the nineteen non-party depositions remain on the calendar. *See* April 15, 2010 email from Coke Stewart (attached hereto as Exhibit 2).

## **ARGUMENT**

### I. THE COURT SHOULD QUASH THE DEPOSITION NOTICES AND ENTER A PROTECTIVE ORDER PROHIBITING THE DEPOSITIONS.

The Court may, for good cause shown: "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Moreover, Fed. R. Civ. P. 26(b) provides that the Court "must limit" the use of discovery if the Court determines that: "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit…" Fed. R. Civ. P. 26(b)(2)(C).

As stated above, the nineteen noticed depositions are likely to require at least several witnesses to testify twice, once individually pursuant to the current notices, and a second time as a Rule 30(b)(6) designee. The very reason that Global Crossing identified Ms. Swann, Mr. Uzelac, Mr. Smith, and Mr. Nance in their Initial Disclosures is that they are the employees that Global Crossing believes, based on Tierra's allegations, possess relevant information regarding Tierra's claims. For example, as Tierra is aware, Mr. Uzelac is the Director of Converged Network Architecture and Planning for Global Crossing and leads the group in charge of the architecture and network design for all of Global Crossing's voice over internet protocol ("VOIP") products and services. *See* Declaration of Adam Uzelac at ¶ 3 (attached hereto as Ex. 3).[1] Christopher Smith is the Senior Manager of VOIP product offerings and who is responsible for sales, marketing and pricing of Global Crossing's VOIP products and services, and Debra Swann is a Vice President of Marketing who has been directly involved in the pricing and marketing of Global Crossing's VOIP products and services over the last five years or more. *Id*. at ¶ 8. Thus, there is a strong chance that if Tierra is permitted to go forward with its current plan to depose these employees individually, they will have to testify a second time as the appropriate Rule 30(b)(6) designees on particular topics.

Moreover, each of the nineteen noticed depositions is of a non-party witness. This Court's March 5, 2010 Order limits parties to five non-party, non-expert witness depositions without leave of Court, *see* March 5, 2010 Order [Doc. No. 21], and Fed. R. Civ. P. 30 limits a party to no more than ten depositions without leave of court. *See* Fed. R. Civ. P. 30(a)(2). Tierra has not even requested leave of Court to exceed these limitations, nor has it requested that any of

---

[1] Mr. Uzelac's Declaration was originally filed by Global Crossing with its Memorandum in Support of its Motion to Transfer Venue [Doc. No. 45].

the defendants consent to additional depositions. Further, Tierra cannot establish good cause to exceed these deposition limits because it has not first attempted to use other discovery methods, such as a Rule 30(b)(6) deposition of Global Crossing or the other defendants, to obtain the information it seeks. Rather, the requested depositions needlessly burden the witnesses and the defendants. Given the current schedule which calls for the completion of fact discovery less than two months from now, the Court should not condone such wasteful discovery practices.

## CONCLUSION

For the foregoing reasons, Global Crossing respectfully request that the Court enter an Order quashing the Notices of Deposition of Adam Uzelac, Christopher Smith, Debra Swann and Robert Nance and award such further relief as is necessary.

                                      GLOBAL CROSSING
                                      TELECOMMUNICATIONS, INC.

                                      By: _____/s/_____
                                               Of Counsel

Louis Edward Dolan, Jr., VSB # 34437
ldolan@nixonpeabody.com
NIXON PEABODY LLP
401 9th St., NW, Suite 900
Washington, D.C. 20004-2128
(202) 585-8000
(202) 585-8080 (Fax)

Richard D. Rochford, VSB # 24651
rrochford@nixonpeabody.com
NIXON PEABODY LLP
1100 Clinton Square
Rochester, NY 14604
(585) 263-1000
(585) 263-1600 (Fax)

Dabney J. Carr, IV, VSB #28679
dabney.carr@troutmansanders.com
TROUTMAN SANDERS LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
(804) 697-1339 (Fax)

*Counsel for Global Crossing Telecommunications, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of April, 2010, a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Alan M. Fisch
alan.fisch@kayescholer.com
Jason F. Hoffman
jason.hoffman@kayescholer.com
Coke Morgan Stewart
coke.stewart@kayescholer.com
R. William Sigler
bill.sigler@kayescholer.com
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, N.W.
Washington, D.C.  20005-2327

Attorneys for Tierra, Inc.

Jonathan G. Graves
jgraves@cooley.com
Robert D. Spendlove
rspendlove@cooley.com
COOLEY GODWARD KRONISH LLP
One Freedom Square, Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656

Attorneys for Qwest Communications Company, LLC

Kimberly S. Walker
kwalker@fulbright.com
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Avenue NW
Washington, D.C.  20004-2623

Attorneys for Level 3 Communications, Inc. and Level 3 Communications LLC

      /s/
Dabney J. Carr, IV, VSB #28679
dabney.carr@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1238
Facsimile:  (804) 698-5119
Counsel for Defendant Global Crossing Telecommunications, Inc.

#1937471